# Vinson&Elkins

Hilary L. Preston  hpreston@velaw.com
**Tel** +1.212.237.0129  **Fax** +1.917.849.5342

April 27, 2023

**VIA ECF AND EMAIL**

Hon. Andrew L. Carter
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007
Email: ALCarterNYSDChambers@nysd.uscourts.gov

      Re:    *Alex et al. v. NFL Enterprises, LLC et al.*, No. 22-cv-09239 (S.D.N.Y.) – Notice of Supplemental Authority

Dear Judge Carter:

    Defendants NFL Enterprises LLC and the National Football League (collectively, the "NFL") respectfully submit for the Court's review *Carter v. Scripps Networks, LLC*, No. 22-cv-2031 (S.D.N.Y. Apr. 24, 2023) (attached as Exhibit A), which dismissed a nearly identical VPPA lawsuit, likewise based on Facebook's Pixel-based tracking of its account holders' activity on third-party websites, for reasons that apply with equal force here.

    The plaintiffs in *Carter* alleged that HGTV.com violated the VPPA by implementing Facebook's Pixel technology on its website. As in this case, plaintiffs asserted that they—individuals "with an active Facebook account" who visited HGTV.com and viewed free video content—were "subscribers" of HGTV.com within the VPPA's meaning because they subscribed to HGTV.com newsletters. *Carter*, slip op. at 2-3. Just as the NFL has argued in its pending motion to dismiss here, the defendant in *Carter* argued that such an attenuated relationship, unrelated to the free video content at issue, was insufficient to create a "subscriber" relationship under the VPPA. *Compare* NFL Mem. in Supp. Mot. to Dismiss 16-21 (Dkt. No. 26) ("NFL Mot."), *and* NFL Reply in Supp. Mot. to Dismiss 6-8 (Dkt. No. 38) ("NFL Reply"), *with Carter*, slip op. at 8. The court agreed, holding that plaintiffs failed to allege they were in a category of persons eligible to bring a claim under the VPPA. *See Carter*, slip op. at 7-13.

    In particular, the court in *Carter* ruled that the VPPA's reference to "subscriber[s]," when properly interpreted in light of its statutory context, refers to subscribers "*of audio-visual goods or services*, and not goods or services writ large." *Carter*, slip op. at 11 (emphasis added). In analyzing the VPPA's text, the court emphasized that the paired textual structure of the statute's definitions of "consumer" and "video tape service provider" indicated—consistent with congressional intent and legislative history—that the statute provides a cause of action to subscribers "*of audio visual materials*, and not a broader category of

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Houston  London  Los Angeles
New York  Richmond  San Francisco  Tokyo  Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036-7708
**Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com



consumers." *Id.* (emphasis added). Thus, mere subscription to an email newsletter was insufficient to render the plaintiffs "subscribers" of HGTV.com video services within the VPPA's meaning, particularly given that (as here) the video content at issue was freely accessible to all website visitors. *Id.* at 12-13. The court held as much even though plaintiffs alleged that the "overwhelming amount of content featured in the newsletter links back to articles and videos on hgtv.com." *Id.* at 12. Because the complaint did not "plausibly allege that plaintiffs acted as 'subscribers' when they viewed videos" on HGTV.com, plaintiffs failed to state a claim. *Id.* at 13.

The same reasoning applies with equal force here. As in *Carter*, "there is no alleged connection between the 'subscription' at issue and plaintiffs' video viewing." NFL Mot. 19. While plaintiffs here assert (as did the plaintiffs in *Carter*) that the newsletters they signed up for "advertise and promote videos and articles," the Complaint makes clear that plaintiffs' subscription to such newsletters "has nothing to do with their access to NFL video content or their video viewing history." *Id.* at 19-21; *accord Carter*, slip op. at 13 (rejecting as irrelevant plaintiffs' contention that newsletter advertised "hgtv.com videos and articles"). Critically, "even without an email subscription, plaintiffs could still freely watch videos on the Team Websites." NFL Mot. 18; *accord Carter*, slip op. at 12 (plaintiffs did not allege that their purported subscription was a "condition" of or "enhanced or in any way affected their viewing experience"). Under the VPPA's text and the persuasive reasoning in *Carter*, the Complaint should be dismissed.

*Carter* separately held that the plaintiffs had Article III standing, *see Carter*, slip op. at 3-6, largely in reliance on *Martin v. Meredith Corp.*, No. 22-cv-4776, 2023 WL 2118074 (S.D.N.Y. Feb. 17, 2023). The NFL respectfully disagrees, for reasons explained in its motion papers. *See* NFL Mot. 13 n.2; NFL Reply 2-3. But as the NFL has explained, and for the reasons discussed in *Carter*, even if plaintiffs had standing, their Complaint must be dismissed for failure to state a claim.

           Respectfully submitted,

           VINSON & ELKINS LLP

           By: */s/ Hilary L. Preston*

           Hilary L. Preston
           1114 Avenue of the Americas
           32nd Floor
           New York, NY 10036
           Tel: (212) 237-0000
           hpreston@velaw.com

           *Counsel for NFL Enterprises LLC and National Football League*

cc:  Counsel of record (*via ECF*)